IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **TINA HARRIS**<br>726 Corby Road<br>Baltimore, Maryland 21221<br><br>*Plaintiff,*<br><br>v.<br><br>**JOHNS HOPKINS HEALTH SYSTEM, CO.**<br>600 N. Wolfe Street<br>Baltimore, Maryland 21205<br><br>SERVE:  CSC-LAWYERS INCORPORATING SERVICE, COMPANY<br>7 ST. PAUL STREET<br>SUITE 820<br>BALTIMORE MD 21202<br><br>&<br><br>**THE JOHNS HOPKINS UNIVERSITY**<br>Charles & 34th Street<br>Baltimore, Maryland 21218<br><br>SERVE: ARTHUR P. PINEAU<br>Interim General Counsel<br>113 Garland Hall<br>3400 N. Charles Street<br>Baltimore, Maryland 21218<br><br>*Defendants.* | Civil Action No. ELH-23-701 |

## AMENDED COMPLAINT

Plaintiff, Tina Harris, by and through her attorneys, Mary Craine Lombardo, Esq., and the law firm of RLG Law, hereby sues Defendants, The Johns Hopkins Univeristy and Johns Hopkins Health System, Corporation., to recover damages and for equitable relief under the provisions of the Employee Retirement Income Security Act ("ERISA"), particularly Section 510, to redress



Defendants' interference with Plainitff's right to continue her employment, contribute towards her pension, and ultimately, collect a fully vested pension.

## INTRODUCTION

Tina Harris was employed for nearly two decades by the Johns Hopkins School of Medicine. When the Johns Hopkins School of Medicine moved to Johns Hopkins Health System, Co., Ms. Harris was offered and declined a paltry severance offer because it would deprive her of her right to collect her fully invested pension. Accordingly, Ms. Harris made the transition to Johns Hopkins Health System.

After a long history of excellent performance with the medical school, Ms. Harris began her duties with Johns Hopkins Health System. Ms. Harris was provided little to no training—she was not given a handbook nor training materials. Instead, Ms. Harris was faced with with immediate pretextual, undue, and constant criticism from her new supervisor. The constant harrasment appears to have been a thinly disguised effort to force her to leave her position because she had decined the severance, and to deprive her of her pension. Ms. Harris should be paid her fully vested pension, as well as her attorney's fees.

## PARTIES & JURISDICTION

1. Plaintiff is an adult resident of Baltimore County, Maryland.

2. Upon information and belief, Johns Hopkins Health System, Co. is a Maryland company with a registered agent in Maryland.

3. At all times relevant hereto, Johns Hopkins Health System, Co. conducted business in Maryland.

4. Upon information and belief, The Johns Hopkins University is a Maryland company with a registered agent in Maryland.



5. At all times relevant hereto, The Johns Hopkins University conducted business in Maryland.

6. This Court has personal jurisdiction over Defendant Johns Hopkins Health System, Co.

7. This Court has personal jurisdiction over Defendant, The Johns Hopkins University.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this is an action arising under the laws of the United States. Specifically, Plaintiff's claim arises out of Section 510 of ERISA, 19 U.S.C. § 1140.

9. Venue in this judicial district is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) and (c)(2).

STATEMENT OF FACTS

Plaintiff adopts and incorporates the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein, and further alleges that:

10. Plaintiff worked for The Johns Hopkins University for eighteen (18) years.

11. Plaintiff was employed full-time as a customer service representative in the University's Custodial Department.

12. As part of her employment, Plaintiff was entitled to certain benefits, including pension benefits.

13. Plaintiff began participation in her pension, on or about February 11, 2004.

14. Throughout her employment with Defendants, Plaintiff was credited service for her pension.

15. Upon retirement, Plaintiff would be entitled to collect payments from her pension.



16. At all relevant times, Defendants established and/or managed the pension plan.

17. At all relevant times, Plaintiff was a "participant" of the pension plan, as defined under 29 U.S.C. § 1002(7).

18. On or about early 2020, The Johns Hopkins University transitioned to the Johns Hopkins Health System.

19. As part of the transition, Defendants offered employees in the Custodial Department the ability to either accept a severance package or obtain another position within the Johns Hopkins Health System.

20. On or about April 15, 2020, Defendants offered Ms. Harris a severance package, which would prevent Plaintiff of her right to collect her fully vested pension.

21. Ms. Harris, via writing, declined the severance package.

22. Subsequently, Ms. Harris commenced a new role, with new management, within the Johns Hopkins Health System.

23. Despite her new role and her request for training, Plaintiff was not provided any training or basic informational material regarding her new duties and responsibilities.

24. During the course of her new employment, Ms. Harris was subject to frequent harassment from her manager.

25. Ms. Harris' manager would pick on her, bang his fist on her desk, and inform Ms. Harris that she was not performing adequately.

26. Despite her repeated requests for training or direction, Ms. Harris' never received any guidance from management.

27. Nearly one month after being offered the severance package, Plaintiff received a letter from her manager, indicating that she had been terminated.



28. The letter did not indicate any reason for Plaintiff's termination.

29. At the time of her termination, Plaintiff was only mere years away from collecting her fully vested pension and retiring.

30. Throughout the course of her employment, Plaintiff had never received any complaint of wrongdoing or disciplinary action.

31. Upon information and belief, Plaintiff's termination was a retaliatory act, on the part of Defendants, for Plaintiff's refusal to accept the severance package.

32. As a result of her termination, Plaintiff was unable to continue to collect credited service towards her pension, thereby increasing the amount of funds she would be eligible for upon retirement.

**COUNT I**
**Violation of 29 U.S.C. § 1140.**

Plaintiff adopts and incorporates the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein, and further alleges that:

33. Defendants maintained a pension plan with Prudential within the meaning of 29 U.S.C. § 1002(2) under ERISA. The plans were established and maintained by Defendants to provide retirement income to employees.

34. Plaintiff was a participant and beneficiary within the meaning of ERISA, 29 U.S.C. § 1002(7) and (8).

35. Defendants did not provide a reason for terminating Plaintiff.

36. Defendants discharged Plaintiff without cause.

37. The action of the Defendants in discharging Plaintiff was designed to interference with her attainment of rights under this plan as a form of unlawful retaliatory conduct under ERISA § 510. Specifically, the Defendants engaged in harassment of Plaintiff in response to Plaintiff's



rejection of the severance package, which led to Defendants unreasonably terminating Plaintiff and depriving her of her right to acquire her fully vested pension.

38. At the time of the termination, Plaintiff's rights under the ERISA plan were nearly vesting. Defendants terminated her to deprive Plaintiff of that benefit and Plaintiff's ability to earn credited service on her pension.

**WHEREFORE**, Tina Harris request that this Court enter judgement in favor of Plaintiff and against Defendants in an amount to be determined at trial as well as interest, late charges, attorneys' fees, costs, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

**RLG Law**

By: /s/ Mary Craine Lombardo
Mary Craine Lombardo, Esq. (495881)
51 Monroe Place, Ste. 1401
Rockville, Maryland 20850
T: (301) 340-1616
Mlombardo@rlg-lawyers.com
*Attorney for Plaintiff*

### JURY TRIAL DEMANDED

Plaintiff demands a trial by jury.

/s/ Mary Craine Lombardo
Mary Craine Lombardo, Esq.

### CERTIFICATE OF SERVICE

The foregoing was served this **13th** day of June, 2023 through the electronic filing system on all counsel of record.

/s/ Mary Craine Lombardo
Mary Craine Lombardo, Esq.

